MARYLAND CASUALTY CO. OF BALTIMORE, MD., v. BECKHAM.

(Division B. Oct. 24, 1932.)

[143 So. 886. No. 30163.]

**Dunn & Snow,** of Meridian, for appellant.

**W. W. Pierce,** of Philadelphia, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee sued on a public liability accident policy, and from the judgment in his favor this appeal is prosecuted. The insured was in the business of operating a garage and service station in Philadelphia in this state, and among other work regularly done by the insured was the washing and greasing of automobiles. This service including that of sending to the home or place of business of the automobile owner to obtain the car, and the return of the automobile to the owner when the work was finished. On the occasion in question the insured had sent for the automobile, and, in washing the vehicle, water had got into the ignition system, rendering it necessary that, among other means of drying out the ignition, the automobile be driven around for a short time. This was done by an employee of the insured, and, while this employee was directly so engaged, he negligently collided with and injured appellee.

The sole question presented is whether the injury came within one of the numerous exceptions inserted in the policy. The principal or general insurance paragraphs plainly cover the injury and liability here sued on, but it is contended that under special paragraph six injuries such as this are excluded. The pertinent parts of said paragraph six are as follows: ''This policy does not cover . . . (5) any accident caused directly or indirectly by any automobile vehicle . . . owned or used by the assured or by any employee of the assured in charge of any such vehicle. . . .'' The automobile admittedly was not owned by the insured, and thus the question is whether the vehicle was being used by the insured in the sense of said exclusionary paragraph. In other words, whether the automobile was at the time being used by the insured, or whether it was being serviced.

The terms of an insurance policy are construed favorably to the insured wherever this may reasonably be done, and particularly is this true in respect to exclusion clauses. The word ''used'' must be interpreted in this policy to mean to put, or to convert, to one's own service; it does not include that which is a direct part of the service to another, as was this case. See 8 Words and Phrases, First Series, page 7228 et seq.

Affirmed.