CHARLES GERBER, PLAINTIFF, v. TOWNSHIP OF SPRING-FIELD, *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided January 12, 1956.

*Mr. Eugene A. Liotta,* attorney for plaintiff.

*Mr. Max Sherman,* attorney for defendant Township of Springfield.

*Mr. Harry Silverstein,* attorney for defendant Arthur F. Staehle.

HUGHES, J. S. C. These cross-motions for summary judgment deal with the validity of a restrictive covenant contained in a deed whereby the Township of Springfield transferred to one, Rajoppi, certain lands in the vicinity of the Rahway River. The plaintiff on December 15, 1944 purchased these lands from Rajoppi and wife, and now sues to invalidate the restriction and determine the rights of the parties. He contends that the restrictive covenant is void because not

entered into for the benefit of the land involved nor for the benefit of subsequent purchasers, but only for the benefit of the initial grantor, the Township of Springfield; and on the further grounds that it is against public policy, creates an unreasonable burden upon such land and was unreasonable and void.

The facts, gleaned from the pretrial order, stipulation of facts, answers to interrogatories and the view of the premises by the court are as follows:

1. The lands in question are low, although partially filled in after the original sale by the municipality; they appear to be waste lands particularly susceptible to flooding due to the overflow of the Rahway River and the failure of absorption or proper drainage of surface waters; fill to the level of surrounding residential development would obviously deflect such surface waters to the damage of dwellings in proximity thereto unless elaborate drainage facilities could be devised to prevent it; the topography is uneven, with an appearance of swamp-like tendencies in some parts thereof.

The above appear to the court as the result of its view of the premises.

2. Prior to 1953 this land was owned by the township. On May 13, 1953 the intervenor here had submitted an offer of $1,380 to the township, he owning a residence whose rear abutted the land and making the offer also on behalf of other residential owners in the same position for the purpose of deepening their lots, and preventing any building upon the land, which was characterized by them as "low and swampy." The offer contemplated a deed restriction against building on the land any type of structure. It expressed the fear of the 17 property owners involved that any such building would increase the serious existing water hazard and depreciate the value of their residential properties.

3. In response to that offer, the municipality, as it was required to do by *N. J. S. A.* 40:60–26(*c*) (*cf. Escrow, Inc., v. Borough of Haworth,* 36 *N. J. Super.* 469 (*App. Div.* 1955)), duly considered the offer and advertised the property for sale with the restriction aforesaid.

4. At said sale Rajoppi bid in the property for $1,400.

5. Upon proper resolution a contract of sale to Rajoppi was entered into containing the disputed restrictive provision, and a deed containing the same was executed in October 1953.

6. Both the contract and deed, in addition to the restriction mentioned, provided that covenants should run with the land.

7. Rajoppi and wife transferred to plaintiff on December 15, 1954, but that deed was not recorded until after the institution of this suit.

8. Plaintiff is the brother-in-law of Rajoppi and took from him with notice of the restriction. The deed to Rajoppi had duly been recorded before the property was transferred to the plaintiff.

█ 9. I further find that the restriction was intended for the benefit of the municipality and its residents and for the fulfillment of its governmental purposes and responsibilities.

█ 10. I further conclude that the restriction upon use of this land was authorized by the statute, *N. J. S. A.* 40:60–26(*d*), and was not against public policy. In view of the nature of the land conveyed, its posture with regard to flood and surface water drainage, it is also obvious that not only was the restriction not *ultra vires*, but a sale without such restriction would have been exposed to the most serious legal scrutiny.

█ 11. Moreover, ample statutory authority exists whereby the municipality, after public hearing and other safeguards, may waive, release or modify the restriction in the event a change of conditions might cause it, in its municipal discretion, to do so. *N. J. S. A.* 40:60–51.5.

█ 12. Without entering into the question of identity between plaintiff and the original purchaser (which might well establish an estoppel against the former), it is sufficiently shown to my mind that the restriction is entirely valid and enforceable, and in any case, if it were *ultra vires* and unenforceable, the original sale would be a nullity and the parties would be restored to their original position.

13. In my view, the only way in which the restriction could be removed would be by the public hearing and other action contemplated by *N. J. S. A.* 40:60–51.5, *supra,* in the event of a future change of condition. If, by flood control of the Rahway River, or successful drainage procedures in the vicinity, the need for the restriction shall in the future be proven, clearly and convincingly, to have disappeared, the municipality may waive, release or modify the restriction, or a legal attack be made against any adverse decision on that subject, deemed to be arbitrary, unreasonable and invalid.

I will, therefore, enter judgment for defendants and that the complaint be dismissed.