The MANHATTAN FIRE & MARINE
INS. CO., Plaintiff,

v.

NASSAU ESTATES II, James Hammill,
an infant, etc., et al., Defendants.

Civ. A. No. 559–62.

United States District Court
D. New Jersey.

May 16, 1963.

McKeown, Harth & Enright, Newark,
N. J., for plaintiff, by Vincent Jennings,
Newark, N. J.

Taub & Taub, Passaic, N. J., for defendant Nassau Estates II, by Samuel
Weiss, Newark, N. J.

Theodore T. Tams, Jr., Princeton, N. J., for defendants Hammill.

WORTENDYKE, District Judge.

Jurisdiction in this action is predicated upon diversity of citizenship and appropriately alleged in the complaint. Relief is sought under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201.

The plaintiff, a liability insurance company, alleges that it issued its policy of indemnification to Nassau Estates II, covering liability imposed by law upon the insured for damages on account of personal injuries suffered by any person as a result of an accident occurring during the policy period. The plaintiff further alleges that by the terms of the policy and as a condition precedent to rights thereunder, the insured was required to give written notice of an accident as soon thereafter as practicable. It is further alleged that on April 24, 1962, an accident occurred on property owned by the insured, wherein the infant defendant is alleged to have been injured, and whereby the infant's parents have sustained pecuniary loss for medical expense and have been deprived of the infant's services.[1] The complaint further alleges that the insured failed to give notice of the accident as soon as practicable, as required by the policy; and that it did not report said accident until May 21, 1962. It is further alleged that a dispute has arisen involving plaintiff's contention that by virtue of delay on the part of the insured in giving notice of the accident, plaintiff is not required to indemnify insured for loss arising from liability which may be imposed by law, by reason of said accident.

Although named as defendants, no relief by way of injunction, or otherwise, is sought against the injured infant or his parents. However, a judgment is sought against the insured, declaring that the plaintiff is relieved of liability under its policy by reason of the asserted lateness of the report of the accident.

The insured's answer admits the issuance of the policy, but either denies or pleads lack of information respecting the other critical allegations of the complaint. The answer affirmatively pleads as separate defenses that the notice required by the policy was given in accordance with its terms; and that (1) the plaintiff is not entitled to an advisory opinion of this Court, nor does the plaintiff show jurisdictional elements which will entitle it to a declaratory judgment; and (2) that the plaintiff fails to state a claim upon which relief can be granted.

The plaintiff moves "for an order striking the defense of lack of jurisdiction" contained in the answer of the insured. Annexed to the notice of motion, and embodied in an affidavit of one of the attorneys for the plaintiff, is disclosed information elicited from the individual defendants, which precludes a finding that less than the jurisdictional minimum to support diversity jurisdiction is involved. (See footnote 1, supra.) There is no allegation in the complaint that an action has been brought by the individual defendants against the insured.

In opposing the present motion, the insured contends that the allegations of the complaint are insufficient to show that the plaintiff is entitled to a declaratory judgment. To support this contention the insured charges that the complaint is insufficient to present a claim

---

1. According to answers to interrogatories, the infant defendant was hospitalized on two occasions for injuries allegedly sustained in this accident. The out-of-pocket expenses disclosed therein, for the hospital charges, doctors' fees and medicines, to the date of the answers, amounted to just over $600.00. In response to a question seeking to determine if a cause of action was intended to be asserted by or on behalf of the injured infant, the answer was "Probably."

Although the amount of the policy limits is not stated, the injuries and consequential damages disclosed in the affidavit in support of the motion do not exclude the probability that a recovery by and in behalf of the infant will exceed $10,000.00.

198

upon which relief may be granted. The defendant further contends that the affidavit annexed to the notice of motion may not be considered; and that by the use of the words "alleged" and "allegedly" in the complaint allegations relating to the happening of the accident and injuries suffered by the infant defendant, the complaint negates the existence of a substantial justiciable controversy. This latter contention I reject.

■ The instant motion is obviously brought under F.R.Civ.P. 12(f). The defense to which this motion is addressed is "redundant" which is one of the accepted grounds for striking such a defense. It is redundant because it is implicit in the defendant's denial of the controversy alleged in paragraph 10 of the complaint.

■ The law is well established that an insurer, where there is a conflict with an insured over the coverage afforded in a policy, may proceed under the Federal Declaratory Judgments Act to resolve such conflict, where suit has been commenced by a claimant against the insured. The question presently before this Court is whether "actual controversy" exists in the absence of an existing claim by one purporting to fall within the coverage extended by the insurance policy. The language of the Act itself, 28 U.S.C. § 2201, providing that "[i]n a case of actual controversy within its jurisdiction * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, * * *" has been liberally construed. Alfred Hofmann, Inc. v. Knitting Machines Corp., 3 Cir., 1941, 123 F.2d 458; Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 1943, 137 F.2d 68. The phrase "cases of actual controversy" is interpreted as meaning "no more than a recognition that the federal judicial power extends only to 'cases' or 'controversies' in the constitutional sense. Aetna Life Insurance Co. [of Hartford, Conn.] v. Haworth, 1937, 300 U.S. 227, 239, 240, 57 S.Ct.

461, 464, 81 L.Ed. 617, 108 A.L.R. 1000. This constitutional requirement, as applied to declaratory judgments, is not interpreted in any narrow or technical sense. Aetna Life Insurance Co. [of Hartford, Conn.] v. Haworth, supra; Maryland Casualty Co. v. Pacific Coal & Oil Co., 1941, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. There must be a concrete case touching the legal relations of parties having adverse legal interests, and susceptible 'of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged.' The distinction is between a case 'appropriate for judicial determination' on the one hand, and a 'difference or dispute of a hypothetical or abstract character' on the other. * * * This distinction, as the court pointed out in Maryland Casualty Company v. Pacific Coal & Oil Co., supra, 312 U.S. at page 273, 61 S. Ct. at page 512, 85 L.Ed. 826 'is necessarily one of degree.'" Dewey & Almy Chemical Co. v. American Anode, Inc., supra, 137 F.2d at p. 70.

■ In the case at bar, according to the allegations of the complaint, the plaintiff-insurer asserts and the defendant-insured denies that the condition precedent prescribed in the plaintiff's policy, has been breached. Although no action is as yet pending in behalf of the accidentally injured infant, the insurer is on actual notice of the occurrence of the accident, and of the severity of the injuries. An action may be brought in behalf of the infant at any time between the date of the happening of the accident and two years next succeeding his attainment of majority. Meanwhile, unless the insurer can secure an adjudication respecting its liability under the policy, upon the facts alleged in the complaint, it may be put to the labor and expense of investigation which may, several years later, be found to have been for naught.

The complaint being sufficient, the general issue with respect to its critical allegations having been joined in the body of the answer, the separate defense

attacked in the motion is not only redundant, but inappropriate. Accordingly, the motion to strike this defense will be granted. Let an order in accordance with this opinion be submitted.