166 So.2d 772 (1964)
Donald Edward HODAPP, Appellant,
v.
SHELBY MUTUAL INSURANCE COMPANY of Shelby, Ohio, an Ohio corporation, and A.P. Clark Motors, Inc., a Florida corporation, Appellees.
No. 4358.
District Court of Appeal of Florida. Second District.
August 14, 1964.
Richard W. Bates, Orlando, for appellant.
Irvin A. Meyers and E.H. Eubanks, of Maguire, Voorhis & Wells, Orlando, for appellee Shelby Mutual Insurance Company of Shelby, Ohio.
Gurney, Gurney & Handley, Orlando, for appellee A.P. Clark Motors, Inc.
SHANNON, Acting Chief Judge.
Appellant, petitioner below, appeals a final decree in which the chancellor decided that an insurance policy did not extend coverage to the appellant in a certain automobile accident.
*773 The appellant's car was being serviced at A.P. Clark Motors, Inc., and Vance, a fellow employee, had given the appellant a ride to Clark Motors so that the appellant could pick up his car. While the appellant and Vance were at Clark Motors, Vance indicated he was interested in purchasing a certain used car. At the suggestion of a salesman, Vance and the appellant took the car out for a demonstration ride, the appellant doing the driving. An accident occurred while appellant was driving and the car owned by Clark Motors was damaged. Clark Motors brought an action against the appellant and, when appellant's insurer refused to defend or pay, the appellant sought a declaratory decree to ascertain whether the insurance policy covered this accident.
The insurance policy had certain exclusions in it, which are as follows:
"Exclusions. This policy does not Apply:
"(b) to any automobile while used in the automobile business, * * *;
"(k) to property damage to * * * (2) property rented to or in charge of the insured other than a residence or private garage or (3) property as to which the insured is for any purpose exercising physical control;"
And under Part II of the policy, Coverage E, Exclusions (c):
"Exclusions. This policy does not apply under Part II;
"(c) to a non-owned private passenger automobile while used in the automobile business;"
The trial court held that the petitioner was not covered in this accident. The only questions to be decided on this appeal are whether this automobile was being "used in the automobile business," and whether it was property over which the insured was "for any purpose exercising physical control." Both sides allege that there are no cases in Florida covering the exact situation, and our independent research bears this out.
In McCree v. Jenning, 1960, 55 Wash.2d 725, 349 P.2d 1071, the court said:
"It would appear evident, therefore, that an automobile `used in the automobile business,' would be one which was employed for some purpose in connection with that business. For example, a tow truck, an automobile used for demonstration purposes, or a vehicle used for securing or delivering equipment and supplies would be `used in the business.' * * *" (Emphasis supplied).
In the construction of these exclusionary clauses it is more important to consider the actual reason why the car was being driven, rather than the particular occupation or intent of the driver. See Chavers v. St. Paul Fire and Marine Insurance Company, Ohio 1960, 188 F. Supp. 39. (U.S.D.C., N.D. Ohio).
On the question as to whether or not the appellant had physical control as is contemplated in the policy exclusion we refer to the case of P & M Stone Co. v. Hartford Accident & Indemnity Company, 1959, 251 Iowa 243, 100 N.W.2d 28, which quotes with approval the general rule as set out in an annotation in 62 A.L.R.2d 1242, at 1244, which states:
"All the cases, with one exception, support the view, either expressly or by necessary implication, that the clause in a contractor's liability policy or similar policy excluding from coverage liability for damage to property `in care, custody, or control of insured' contemplates what is called `possessory handling' of the property, as distinguished from `proprietary' control. In other words, the exclusion clause applies not only in situations in which the insured is the owner of the damaged property but also in cases *774 in which his dominion over the property damage is not based on ownership. * * *"
An automobile which is being offered for sale by a used car dealer and which is taken for a demonstration ride by a prospective purchaser and his companion is being "used in the automobile business" as contemplated by the exclusionary clause of the insurance policy. For this reason and because the appellant, who was driving, was exercising physical control of the automobile, the insurance company is under no obligation to defend the appellant or to compensate for the damages caused by this accident. The trial court entered a final decree which, for the reasons herein stated, is approved.
Affirmed.
WHITE, J., and CABOT, TED, Associate Judge, concur.