LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.

189 So.2d 866

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY**

**v.**

**Irmagard THOMPSON et al.**

**4 Div. 241.**

Supreme Court of Alabama.

Aug. 25, 1966.

Rehearing Denied Sept. 22, 1966.

Lee & McInish, Dothan, for appellant.

H. K. & J. F. Martin, Dothan, for appellees Bragan.

68

SIMPSON, Justice.

The following facts are stipulated:

On July 27, 1961, Birmingham Fire and Casualty Company, a corporation, issued to Lloyd W. Thompson, the husband of appellee Irmagard Thompson, a Family Combination Automobile Policy of Insurance (FCA 947–467) written for a period of twelve months, subject to the terms, conditions, definitions, exclusions and limitations of said policy. Appellee Irmagard Thompson is a named insured in the policy and her legal liability arising out of the operation of the insured automobile is covered.

Subsequent to the issuance of the policy, Birmingham Fire and Casualty Company merged with St. Paul Fire and Marine Insurance Company, and St. Paul Fire and Marine assumed all liability and obligations under the policy.

Several weeks prior to May 9, 1962, appellee Irmagard Thompson, who then resided at 603 North Oates Street, Dothan, Alabama, employed appellee Walter Butler to make certain repairs to the insured automobile. Appellee Butler was the owner and operator of a place of business known as Butler's Garage in Cottonwood, Alabama, being a business engaged in the repairing and servicing of automobiles. Butler went to Mrs. Thompson's home and made her a price on the repairs. At this time Mrs. Thompson did not have an Alabama driver's license and her husband was not at home. She and Butler agreed that he would take the automobile to his place of business in Cottonwood and make the repairs. Butler was to return the automobile to Dothan when the repairs were made and Mrs. Thompson stated that she wanted a neighbor, who was familiar with automobiles, to approve the repairs. After the repairs were made Butler returned the car and the neighbor did not approve the repairs. Butler then returned with the automobile to his garage in Cottonwood where the repairs were completed. On May 9, 1962, Butler asked appellee Meadows, who was at that time a part-time employee of Butler, to drive the automobile to Mrs. Thompson's house in Dothan. Butler was to follow Meadows in a few minutes and pick him up at Mrs. Thompson's home.

On the trip from Cottonwood to Dothan, Meadows, while driving the Thompson car, was involved in an accident with an automobile driven by appellee L. F. Bragan. Subsequently, the Bragans filed a suit for damages on the law side of the court against Irmagard Thompson, Meadows, and Walter Butler.

Mrs. Thompson did not know the identity of Meadows as the driver of the automobile and in fact did not know that the automobile had been involved in an accident until several days later when she inquired of Butler whether or not the automobile had been repaired. At this time Butler informed her that her automobile had been wrecked and was in a garage in Dothan.

After the damage suit was filed on the law side of the court by the Bragans, St. Paul Fire and Marine Insurance Company filed a bill for declaratory judgment and an injunction on the equity side of the Circuit Court for a determination of the rights of the parties under the policy of liability insurance involved. It is contended by St. Paul that it is not obligated under the policy to defend the damage suits instituted by the Bragans against Mrs. Thompson, Meadows, and Butler.

The policy of insurance in question contains the following definitions and exclusions:

"DEFINITIONS

"Under Part 1:

\* \* \* \* \* \*

" 'automobile business' means the business or occupation of selling, repairing, servicing, storing or parking automobiles; \* \* \*

"EXCLUSIONS

"This policy does not apply under Part 1:

\* \* \* \* \* \*

"(g) to an owned automobile *while used in the automobile business*, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partner, or any partner, agent or employee of the named insured, such resident or partnership." (Emphasis added.)

Appellant contends that the accident involved here is not covered under the policy of insurance involved but that the same is excluded under the above provisions in that the accident occurred while the automobile was being "used in the automobile business" within the meaning of the exclusion. The trial court disagreed and concluded that the accident was covered. St. Paul perfected this appeal from that decree.

It should be noted that the policy involved contains the usual omnibus clause, insuring any person using the automobile provided the actual use thereof is with the permission of the named insured.

The single question to be decided here is whether or not the automobile under the undisputed facts in this case was being *"used in the automobile business"* at the time of the accident, within the meaning of that language as used in the policy. The word "use" as employed in similar policies of insurance has been interpreted by several courts. The Supreme Court of Mississippi in Maryland Casualty Co. of Baltimore, Md. v. Beckham, 163 Miss. 836, 143 So. 886, in construing similar language had this to say:

"The word 'used' must be interpreted in this policy to mean to put, or to convert, to one's own service; it does not include that which is a direct part of the service to another, as was this case."

The question in the Mississippi case was whether the automobile was being "used" by the repairman who was also the insured. His services included sending to the home or place of business of the automobile owner to obtain the car and the return of the automobile when the work was finished:

"On the occasion in question the insured had sent for the automobile, and, in washing the vehicle, water had got into the ignition system, rendering it necessary that, among other means. of drying out the. ignition, the automobile be driven around for a short time. This was done by an employee of the insured, and, while this employee was directly. so engaged, he negligently collided with and injured appellee."

Here it was held that the automobile was not being "used" by the insured, repairman, but was merely being serviced, so that the exclusion contained in that particular policy did not apply.

In 7 Am.Jur.2d, § 32, Automobile Insurance, it is noted:

"Under policies excluding coverage of automobiles 'used in the automobile business', it has been held that \* \* \* where an automobile was being returned by a repairman to a customer, \* \* \* the vehicle was not being 'used' in the automobile business, since the vehicle was not employed for some purpose in connection with the business, such as a tow truck or a demonstrator automobile".

The Supreme Court of Washington had occasion to consider the exclusion involved in this policy, in almost the exact language as contained in this policy, in McCree v. Jennings, 55 Wash.2d 725, 349 P.2d 1071 (1960). There the language of the policy was:

" 'Definitions. Under Part I:

"' * * *

"' "automobile business" means the busi-ness of selling, repairing, servicing, storing or parking of automobiles;

"' * *. *

"'Exclusions. This policy does not apply under Part I:

"' * '* *

"'(f). to a non-owned automobile while used (1) in the automobile business by the insured or (2) in any other business or occupation of the insured * * *.'"

In that case the court stated the issue:

"The trial court construed these provisions to mean that coverage was excluded only where the non-owned automobile was being used in an automobile business in which the insured was employed or engaged. The appellant [the insurer] contends that the plain language of the provisions will not support such a construction. We may agree with the appellant in this respect, and yet uphold the trial court's disposition of the case, for we think it clear that for another reason, the exclusion does not apply.

"The appellant appears to have over-looked the significance of the word, 'used', and to have assumed that any automobile in the possession or under the control of an automobile repairman would necessarily come within the exclusion. We do not so read the exclusion.

"According to the pertinent definitions in Webster's New Twentieth Century Dictionary (2d ed.1957), the verb 'to use' means 'to put or bring into action or service; to employ or apply to a given purpose'. Synonyms are 'employ, exercise, treat, practice, accustom, habituate, inure'.

"It would appear evident, therefore, that an automobile 'used in the automobile business,' would be one which was employed for some purpose in connection with that business. For example, a tow truck, an automobile used for demonstration purposes, or a vehicle used for securing or delivering equipment and supplies would be 'used in the business.' But the Jennings automobile was not turned over to Miller to be used by him for his business purposes. *It was simply brought to him to be repaired."* (Emphasis added.)

Such reasoning we feel is dispositive of the case before us.

■ This car was not being used by Butler in his automobile business, and was not turned over to him for that purpose. At the time of the accident the car was being returned to the insured by an employee of the repairman. We cannot conceive that in so returning it to the customer that Butler was "using it in the automobile business".

■ No citation of authority is required to support the proposition that where there is ambiguity in the language of an insurance policy we are required to construe it in favor of the insured.

We should further note that the exclusion in the policy involved in this case is precisely as set out herein and we are not dealing with an omnibus clause excluding coverage of accidents arising out of the use of an automobile by persons operating an automobile repair shop, public garage, sales agency, service station, public parking places, etc. The only exclusion involved here is that mentioned, i.e. while "used in the automobile business", and we find the exclusion not broad enough to cover the situation here presented.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.