**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**Michael Jay SAMPSON, Plaza Lincoln-Mercury, Inc., a corporation, Universal Underwriters Insurance Company, a corporation, Robin Hartley Saunders, a minor, George Saunders, Randall Colley, a minor, and Curtis Colley, Defendants.**

**Civ. No. 68–15.**

United States District Court
M. D. Florida,
Ocala Division.

Oct. 16, 1969.

---

Andrew G. Pattillo, Jr., Pattillo, Mac-Kay & McKeever, Ocala, Fla., for plaintiff.

Laurence Feingold, Fuller & Feingold, Miami Beach, Fla., Borden R. Hallowes, Howell, Kirby, Montgomery & D'Aiuto, Jacksonville, Fla., Robert E. Austin, Jr., Davis, McLin, Burnsed & Austin, Leesburg, Fla., for defendants.

## OPINION AND DECLARATORY JUDGMENT

SCOTT, District Judge.

This is an action for declaratory judgment to determine which of two insurance policies has primary coverage for liability arising out of an automobile accident. The accident occurred on March 23, 1968, between an automobile

owned by the defendant Plaza Lincoln-Mercury, Inc. (Plaza) and driven by the defendant Michael J. Sampson (Sampson) and a motorcycle ridden by two boys, defendants Robin Hartley Saunders and Randall Colley. At the time of the accident Sampson was taking a demonstration drive in the automobile while considering its purchase. Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) is the insurance carrier for Sampson. The defendant Universal Underwriters Insurance Company (Universal) is the insurance carrier for Plaza.

Initially, the Court must consider several jurisdictional issues. Neither of the injured motorcycle riders, nor their parents, have as yet filed actions against the other parties in this suit for personal injuries and property damage. However, it is obvious that suit is imminent pending the outcome of this litigation and the Court finds that under the circumstances the lack of a pending claim or a court suit by the injured parties should not be a barrier to jurisdiction and a declaration of rights in this action. Aetna Insurance Company v. Busby, 87 F.Supp. 505 (N.D. Ala.1950). It is obvious that this is an actual "case or controversy" involving very real legal interests. Also, while the injuries at this point are very speculative, the parties have alleged in good faith that the jurisdictional amount is potentially in controversy and the Court agrees that the matter of uncertain damage should not prevent this Court from taking jurisdiction.

The parties agree that no material issues of fact exist and both have moved for summary judgment, thus leaving to this Court the matter of exploring the law.

The question turns on two key policy provisions, one in the State Farm policy and the other in the Universal policy. The applicable State Farm provision reads as follows:

"V. Use of other automobiles. If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy with respect to said automobile applies with respect to any other automobile, subject to the following provisions:

"(b) This insuring agreement does not apply:

(2) to any *accident arising out of the operation of an automobile sales agency,* service station, storage garage or public parking place". (emphasis supplied)

The applicable Universal policy provision reads as follows:

"V. Persons Insured.

Each of the following is an insured under this insurance to the extent set forth below:

"Under the Garage Bodily Injury and Property Damage Liability Coverages

"(3) with respect to the automobile hazard:

(b) any other person while actually using an automobile covered by the policy with the permission of the named insured, *provided that such other person (a) has no automobile liability insurance of his (her) own, either primary or excess,* or (b) is not included in 'persons insured' or 'definition of insured' in any other insurance policy, either primary or excess. Insurance afforded by this sub-paragraph (b) shall not exceed the minimum limits of liability specified in the Financial Responsibility Law of the state in which the accident occurs. However, if such person has limits of liability less than the minimum limits specified in the Financial Responsibility Law of the state in which the accident occurs, then the policy to which this endorsement is attached shall apply only as excess insurance for the difference between said minimum lim-

its and the limits under said other policy". (emphasis supplied)

The issue is simply whether the March 23, 1968, accident is "an accident arising out of the operation of an automobile sales agency", so as to exclude Sampson as an insured under the conditions of the State Farm policy and thus bring the "escape clause" of the Universal policy into play as primary coverage for Sampson.

This is a diversity case and thus the federal court is bound by applicable state law. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Neither counsel has cited any Florida cases interpreting exactly this language in an insurance policy and the Court's independent research has been likewise unsuccessful. Plaintiff, however, claims that a ruling by this Court in its favor is dictated by the Florida case of Hodapp v. Shelby Mutual Insurance Company, 166 So.2d 772 (Fla. App.1964). In that case Hodapp's insurance policy excluded coverage for the use of "a non-owned private passenger automobile while being used in the automobile business". The District Court of Appeal of Florida for the Second District ruled that this clause was sufficient to exclude coverage for an accident which occurred while Hodapp was driving an automobile owned by an automobile dealer. Hodapp was taking a demonstration drive in the automobile while the dealer serviced Hodapp's own car.

After careful review the Court is indeed convinced that it is "Erie-bound" by the Hodapp case. The language in the instant case is close enough to that considered in the Hodapp case that a *meaningful* distinction cannot be drawn. The Court would like to point out that the Florida law on this point is in the minority and clearly against the great weight of authority. United States Fidelity and Guaranty Company v. Dixie Auto Insurance Company, 292 F. Supp. 554 (N.D.Ala.1968), affirmed 403 F.2d 717; Helmich v. Northwestern Mutual Insurance Company, 376 F.2d 420 (7th Cir. 1967); Goforth v. Allstate Insurance Company, 220 F.Supp. 616 (W.D. N.C.1963), affirmed 327 F.2d 637; Cherot v. United States Fidelity and Guaranty Company, 264 F.2d 767, 71 A.L.R.2d 959 (10th Cir. 1959); Pirkle v. American Liberty Insurance Company, 247 F.Supp. 1018 (N.D.Ga.1965); Consolidated Mutual Insurance Company v. Security Insurance Company, 97 N.J. Super. 528, 235 A.2d 495 (1967); Allstate Insurance Company v. Shelby Mutual Insurance Company, 269 N.C. 341, 152 S.E.2d 436 (1967); Jamestown Mutual Insurance Company v. Nationwide Insurance Company, 266 N.C. 430, 146 S.E.2d 410 (1966); St. Paul Fire and Marine Insurance Company v. Thompson, 280 Ala. 67, 189 So.2d 866 (Ala.1966); Western Alliance Insurance Company v. Cox, 394 S.W.2d 238 (Tex.Civ.App. 1965); American Fire and Casualty Company v. Surety Indemnity Company, 246 S.C. 220, 143 S.E.2d 371 (1965); Pacific Automobile Insurance Company v. Lewis, 56 Cal.App.2d 597, 132 P.2d 846 (D.C.A.Calif.1943). But, as counsel for the plaintiff put it, "Anomalous as the Florida law may be, we [plaintiff] are entitled to the benefit of it". The Court agrees.

Defendants contend that *Hodapp* is no longer the Florida law. Subsequent to the *Hodapp* decision legislation was introduced, but never passed, to correct the law according to *Hodapp* and to provide that family automobile coverage would protect the operator of a non-owned automobile while the car was being test-driven. Defendants have introduced evidence (Gallagher deposition, page 10) to the effect that the state insurance department discouraged such legislation because the department felt that they could effectuate the same result by administrative fiat; thus the legislation was felt needless. Defendants have provided other evidence that the insurance department wrote a number of underwriting associations to discuss the matter. In fact, there is evidence that the department wrote to plaintiff on April 19, 1965, to discuss this coverage issue.

However, if the insurance department could have effectuated this change in the coverage offered by insurance carriers by a department regulation or ruling, there is no evidence that it did so. Counsel has not cited, and the Court is unaware of, any administrative ruling or directive which required carriers to offer this coverage in order to receive approval of their policy in Florida. This may have resulted because Mr. Gallagher, an official with the state insurance department, testified in his deposition that the department was not "aware" of any company which was currently taking the position that coverage was not afforded under family automobile coverage for the operator of a non-owned automobile being test-driven (Gallagher deposition, pages 34–35). However, Mr. Gallagher also testified that an omission in coverage might go unnoticed for ten years if not brought to the department's attention (Gallagher deposition, page 30). In addition, there is no evidence that the letter written to the plaintiff on April 19, 1965, concerning the coverage in question was ever answered by the plaintiff.

■ If the insurance department had the authority to change the rule in *Hodapp,* and wanted to, the simple solution was to issue a clearly stated ruling that insurance carriers would henceforth have to offer such coverage for non-owned automobiles. There is no indication that such ruling was issued and directed to all insurance carriers. There is particularly no indication that the department *unequivocably* conveyed to the plaintiff in this case the message that its policy, containing the language now in dispute, must provide such non-owned coverage to be acceptable in Florida. And the Court cannot overlook this failure on the part of the insurance department simply because they were not "aware" that the plaintiff in this action

might contend that it did not provide coverage for the facts now at hand. At least as far as this case is concerned, the actions of the insurance department are not sufficient to overcome *Hodapp.*

■ Defendants also argue that they are entitled to a declaration in their favor on the basis of *res judicata.* Defendants contend that the case of Lynch-Davidson Motors v. Griffin, 182 So.2d 7 (Fla.1966), which resulted in a decision adverse to State Farm, as insurer for Griffin, is dispositive of the issues presented here. A number of factors are involved in the determination of the applicability of *res judicata.* The essence of this judicially-created doctrine is that certain parties will be precluded from relitigating issues and claims which previously have been determined by adjudicating bodies. Youngblood v. Taylor, 89 So.2d 503 (Fla.1956); Gordon v. Gordon, 59 So.2d 40 (Fla.1952). However, in applying *res judicata,* one must be careful to determine that the exact issues in fact have been previously decided.

■ In the *Lynch-Davidson* case the actual issue determined by the Court was the matter of whether the "escape clause" in the automobile dealer's insurance policy operated to violate the Financial Responsibility Law of Florida. The question of whether the driver of the automobile in that case was excluded from coverage under his own family automobile policy, which is the issue in this case, was not presented. Moreover, while the facts are similar, the cause of action in *Lynch-Davidson* and in the instant case are otherwise totally unrelated. 1B J.Moore, Federal Practice ¶ 0.410 [1], at 1151 (2d ed. 1965). For an extensive treatment of the area of *res judicata,* see the excellent articles of Professor Allan Vestal.[1] Suffice it here to say that *res judicata* is not applicable.

---

1. Vestal, Procedural Aspects of Res Judicata/Preclusion, 1 Toledo L.Rev. 15 (1969); Vestal, Extent of Claim Preclusion, 54 Iowa L.Rev. 1 (1968); Vestal, Claim Preclusion by Rule, 2 Ind.Legal Forum 25 (1968); Vestal, Res Judicata/Claim Preclusion: Judgment for the Claimant, 62 N.W.U.L.Rev. 357 (1967); Vestal, Preclusion/Res Judicata Variables: Adjudicating Bodies, 54 Geo. L.J. 857 (1966); Vestal, Preclusion/Res Judicata Variables: Criminal Pros-

In accordance with this opinion, the Court finds and declares; and it is, therefore,

Ordered and adjudged:

1. The State Farm Policy No. 1439–138–AO6–59, issued to Michael J. Sampson does not provide coverage for liability which Sampson may sustain as a result of the aforementioned accident of March 23, 1968.

2. The defendant Michael J. Sampson is an insured under the garage liability policy issued by the defendant Universal Underwriters Insurance Company to the defendant Plaza Lincoln-Mercury, Inc., and the said Universal policy provides primary coverage for liability which Sampson may incur as a result of the aforementioned accident of March 23, 1968.

ecutions, 19 Vand.L.Rev. 684 (1966); Vestal, Preclusion/Res Judicata Variables: Nature of the Controversy, 1965 Wash.U.L.Q. 158; Vestal, Preclusion/Res Judicata Variables: Parties, 50 Iowa L.Rev. 27 (1964): Vestal, Rationale of Preclusion, 9 St. Louis U.L.J. 29 (1964); Vestal, The Constitution and Preclusion/Res Judicata, 62 Mich.L.Rev. 33 (1963).