**GULF OIL CORPORATION**

v.

**JAMES E. DEAN MARINE DIVERS, INC.,** Canadian Universal Insurance Company and Fidelity & Casualty Company of New York.

**Civ. A. No. 70–2138.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

March 2, 1971.

Booth Kellough, Jerry C. Bonhagen, New Orleans, La., for Gulf Oil Corp.

Sam A. LeBlanc, III, Adams & Reese, New Orleans, La., for James E. Dean Marine Divers, Inc.

Gordon F. Wilson, Jr., Hammett, Leake & Hammett, New Orleans, La., for Canadian Universal Insurance Co.

HEEBE, District Judge:

On a previous day the defendant, Canadian Universal Insurance Company (hereafter Canadian) brought on a motion for summary judgment seeking to be dismissed from the case as the insurer of the codefendant, James E. Dean Marine Divers, Inc., (hereafter Marine Divers) on the theory that the insurance policy covers an express exclusion for the claimed coverage. The Court, having heard oral argument and having studied the affidavits and legal memoranda submitted, is now fully advised in the premises and ready to rule.

The undisputed facts show that defendant Marine Divers had entered into a contract with plaintiff, Gulf Oil Corporation, to clean up the sea-bottom around an offshore drilling platform owned by Gulf. In the course of this cleanup operation, defendant James Dean, an employee of Marine Divers, entered a crane owned by and located on a well platform of Gulf. Mr. Dean used this crane in an attempt to lift from the sea bottom a gangplank. In performing this operation, the crane toppled over into the sea.

The issue for determination is whether this loss is excluded from coverage under the policy. The policy issued by Canadian to Marine Divers contains the following exclusion:

"(f) to property damage to:

(1) property owned or occupied by or rented to the insured;

(2) property used by the insured; or

(3) property in the care, custody, or control of the insured or as to which the insured is for any purpose exercising physical control."

In construing the exclusionary provision in Hooley & Sons v. Zurich General Accident & Liability Ins. Co., 235 La. 289, 103 So.2d 449 (1958), the Louisiana Supreme Court said:

"The uniform jurisprudence holds that damaged property or premises merely incidental or adjacent to the contracted object upon which work is being performed by the insured is not within the 'care, custody, or control' of the insured for purposes of the exclusion clause in question, even though he might be permitted access thereto during the performance of his contract. (Cases cited)."

And applying this principle to the highly integrated oil and gas well drilling business, both within the state and offshore, the courts have placed a requirement on the insurer to provide an explicit exclusion for that property of third parties and service contractors which may be damaged while the insured uses it temporarily and incidentally to his (the insured's) main contract.

In holding that an insurance exclusion similar to the one at bar did not apply in a similar offshore drilling accident, the court stated:

"It is admitted that the interpretation herein placed on the words 'occupied or used by' and 'care, custody or control' is not free from doubt. In fact, in some respects it may be at variance with their dictionary definitions. But dictionary definitions do not reflect the legal gloss to which these words have been subjected. Nor do they relieve the insurer of the burden of proving non-coverage under the exclusions in the policy. Home Benefit Association v. Sargent, 142 U.S. 691, 12 S.Ct. 332, 35 L.Ed. 1160; Board of Commissioners of Port of New Orleans v. Norwich Union Fire Ins. Soc., D.C., 51 F.Supp. 245; Massachusetts Protective Ass'n v. Ferguson, 168 La. 271, 121 So. 863; 29 Am.Jur. Insurance § 1444; 46 C.J.S. Insurance § 1321f. The insurer must, at its peril make the policy exclusions clear and unmistakable. Home Benefit Association v. Sargent, supra; Board of Commissioners of Port of New Orleans v. Norwich Union Fire Ins. Soc., supra; Maryland Casualty Co. of Baltimore, Md. v. Beckham, 163 Miss. 836, 143 So. 886; Massachusetts Pro-

tective Ass'n v. Ferguson, supra; Boswell v. Travelers Indemnity Company, 38 N.J.Super. 559, 120 A.2d 250; Innis v. McDonald, Ohio Com. Pl., 150 N.E.2d 441, affirmed Ohio App., 150 N.E.2d 447. Otherwise, as here, there is coverage.

"The insurer was bound to know the type of business in which T–W, its assured, was engaged. Drilling wells offshore is a highly integrated operation, participated in by various contractors who supply various types of personnel, material and equipment. If the insurer wanted to exclude from coverage the supplies and equipment furnished its assured by other contractors, it should have said so in the policy, so that now it would not be reduced to taking refuge in generalities." Mayronne Mud & Chemical Corp. v. T–W Drilling Co., 168 F.Supp. 800 (E.D.La.1958), aff'd 272 F.2d 710 (5th Cir. 1959). 168 F.Supp. at 803–804.

This approach has been more recently endorsed in Aladdin Oil Co. v. Rayburn Well Service, Inc., 202 So.2d 477 (La. App.1967). There, the court stated at 490:

"The type of operation involved in this case is the type of business engaged in by * * * [Marine Divers]. To accept the insurer's interpretation of the exclusion would virtually eliminate all liability insurance coverage for * * [Marine Divers] business, which would be an anomalous result indeed. If this were intended, the insurer should have indicated more specifically its intent, as indicated in the Mayronne case. This being our interpretation of the law of Louisiana on the subject, we feel it is not necessary to embark upon a discussion of the numerous cases from other jurisdictions cited by the parties."

In Hooley, Mayronne and Aladdin the Court always disallowed the exclusion of insurance coverage and found that any use or control was not substantial, but merely incidental to the work being performed. On this motion for summary judgment, it is not clear to this Court that the control or use of the crane by an employee of Marine Divers was not merely incidental.

For the foregoing reasons, it is the order of the court that the motions of defendant, Canadian Universal Insurance Company, for dismissal of plaintiff's complaint and for summary judgment based on non-coverage of the insurance policy, be, and the same are hereby, denied.