**GEORGIA AMERICAN INSURANCE COMPANY, Plaintiff,**

v.

**Jerry L. JOHNSON, Jr., Defendant.**

**Civ. A. No. S87–0784(R).**

United States District Court,
S.D. Mississippi, S.D.

May 18, 1989.

James B. Galloway, Gulfport, Miss., for plaintiff.

Donald J. Rafferty, Gulfport, Miss., for defendant.

### MEMORANDUM ORDER

DAN M. RUSSELL, Jr., District Judge.

This cause is presently before this Court on Motion of the plaintiff Georgia Ameri-

can Insurance Company (hereinafter "Georgia American") for Summary Judgment in this declaratory judgment action. The plaintiff filed this suit against its policyholder, the defendant Jerry L. Johnson, Jr. (hereinafter "Mr. Johnson, Jr."), seeking a judgment declaring that there would be no coverage for any claims if asserted by the insured's father, Jerry J. Johnson, Sr. (hereinafter "Mr. Johnson, Sr."), arising out of an accident involving the insured's car and the father's truck. The Court having examined said motion together with briefs and exhibits submitted in support thereof, finds that said motion is not well taken and should be denied for the reasons more fully set forth herein.

## I. JURISDICTION

The original complaint filed by the plaintiff seeks a declaratory judgment of this Court as to the existence, vel non, of insurance coverage existing under the policy it issued to Mr. Johnson, Jr. for any potential claims of the defendant's father. However, it appears to the Court that to date no formal claim has ever been submitted by Jerry L. Johnson, Sr., under the policy, nor has any suit been filed. The defendant counter-claimed, asserting a claim for damages for an alleged "bad faith" breach of insurance contract and fraudulent misrepresentation of the policy provisions. Further, defendant seeks damages for responding to the declaratory pleadings, as well as attorney fees.

The plaintiff contends that this Court does have proper jurisdiction over the parties, who are citizens of different states, and of the subject matter. The plaintiff submits that because the limits of liability for bodily injury and property damage are $10,000.00 and $5,000.00, respectively, and because the plaintiff must pay for the defense of any lawsuit filed by the defen-

dant's father against his son, the insured, that the amount in controversy exceeds $10,000.00. *Stonewall Insurance Company v. Lopez*, 544 F.2d 198 (5th Cir.1976).

The defendant submits in his Answer and Counter–Claim that this Court does not have proper subject matter jurisdiction because the amount in controversy as set forth in 28 U.S.C. § 1332[1] is lacking. The defendant contends that the amount in controversy does not exceed Ten Thousand Dollars ($10,000.00) exclusive of interest and costs.[2] The Court has considered the issue of jurisdiction and finds that it will decline to exercise jurisdiction as it finds the declaratory relief sought is not permissible as set forth below.

## II. DECLARATORY RELIEF

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction upon a federal court. Rather, it provides a new remedy to the district court when in its sound discretion it chooses such relief. *Mission Insurance Company v. Puritan Fashions Corporation*, 706 F.2d 599, 601 (5th Cir.1983). In the exercise of this discretion, however, the district court may not decline to entertain such actions

> on the basis of whim or personal disinclination; but they may take into consideration the speculativeness of the situation before them and the adequacy of the record for the determination they are called upon to make, as well as other factors, such as whether there is a pending procedure in state court in which the matters in controversy between the parties may be fully litigated.

*Hollis v. Itawamba County Loans*, 657 F.2d 746, 748 (5th Cir. Unit A Sept.1981).

It is clear that diversity exists[3], but the Court will decline to exercise jurisdic-

---

1. 28 U.S.C. § 1332(a) provides, in pertinent part:
   *§ 1332.   Diversity of citizenship; amount in controversy; costs*
       *(a)*   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs, ...

2. The Court notes that the defendant alleges in his response to the summary judgment motion

that the Court has jurisdiction, but it will assume the defendant intends otherwise.

3. The plaintiff is a corporation organized and existing under the laws of the State of Georgia with its principal place of business therein, and the defendant is an adult resident citizen of the State of Mississippi.

tion. One cannot get around the prerequisite that there must be an "actual controversy" since this Court "is without power to grant declaratory relief unless such a controversy exists." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." *Id.* (emphasis added); *See also Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir.1986); *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir.1985).

The Court in *Maryland Casualty Co.*, *supra,* held that an actual controversy existed between an insurer and the insured, where the insurer brought suit in federal court against an insured and a claimant under the insurer's policy. Yet, in said case and unlike the case *sub judice*, the insured had already been sued in the state for alleged personal injuries sustained by a claimant. Specifically, the insured was sued for alleged personal injuries sustained in a collision between a truck driven by an employee of the insured and the automobile of the claimant. Thereafter, the insurer brought suit in federal court against the insured and the claimant alleging that under the terms of the policy which it issued it was not liable since the truck was not "hired by the insured." Further, the insurer alleged it was not bound to defend the state court suit or to indemnify the insured.

The Supreme Court held that the facts alleged, under all the circumstances, evidenced a substantial controversy for which a declaratory judgment was the proper remedy. It should be noted that an actual controversy was found to exist not only between the insurer and the insured, but also between the insurer and the claimant/injured person who had a statutory right to proceed against the insurer if the insured failed to satisfy a final judgment within thirty days.

In the present case the Court finds that no suit has been filed in state court by the father, Mr. Johnson, Sr., against this defendant, Mr. Johnson, Jr. The Court finds no suit pending against the plaintiff in this action. It is only conjecture as to whether any suit will be filed and such renders this cause of action premature. This Court recognizes authority for the proposition that

> [i]n a declaratory judgment action brought by an insurer to determine coverage under a liability policy issued to the insured, third parties claiming liability in state tort suits against the insured have been held to be proper parties to the declaratory suit, even though their claims against the insurer were contingent upon recovery of a judgment against the insured.

*Dairyland Insurance Company v. Makover*, 654 F.2d 1120, 1123 (5th Cir. Unit B Sept.1981). However, there must exist an actual controversy which is not apparent in the present case. The Court cannot find a "sufficient controversy" between this insurer/plaintiff and the alleged injured person/Mr. Johnson, Sr. to find that a declaratory judgment would be allowable. 10A Wright, Miller & Kane, Federal Practice and Procedure § 2757, at 586 (2d ed. 1983). At this time there is no substantial controversy between parties having adverse legal interests, and no parties are positioned adversarily. *Texas Employers' Insurance Association v. Jackson*, 820 F.2d 1406, 1421 (5th Cir.1987). As such, the Court is compelled to decline to exercise jurisdiction and dismiss this cause of action.

THEREFORE IT IS ORDERED AND ADJUDGED that the plaintiff's Motion for Summary Judgment is not well taken and the same should be and hereby is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that this cause is hereby DISMISSED with each side bearing their own costs.

SO ORDERED AND ADJUDGED.