**T.H.E. INSURANCE COMPANY,**
**Plaintiff,**

v.

**DOWDY'S AMUSEMENT**
**PARK, Defendant.**

**No. 92–56–CIV–2–BO.**

United States District Court,
E.D. North Carolina,
Elizabeth City Division.

April 1, 1993.

C. Thomas Ross, Winston–Salem, NC, for plaintiff.

John N. Fountain, Young, Moore, Henderson & Alvis, Raleigh, NC, for defendant.

*ORDER*

TERRENCE WILLIAM BOYLE, District Judge.

Defendant in this declaratory judgment action brought pursuant to 28 U.S.C. § 2201 has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), contending that plaintiff's complaint does not set out a "case of actual controversy" sufficient to support a declaratory judgment. For the reasons set out below, the court finds that there is sufficient controversy between the parties to support jurisdiction, and that the defendant's motion should therefore be denied.

*FACTS*

On July 24, 1990, Soroya AliKhan, a minor from Illinois, and her father, Inayat, were involved in an accident while riding a go-kart on the go-kart track at Dowdy's Amusement Park (Dowdy's) in Nag's Head, North Carolina. Soroya suffered a ruptured small intestine, and was forced to undergo surgery bypassing the damaged portion of her digestive tract. Upon their return to Illinois, the AliKhans retained an attorney to represent them in making a claim for Soroya's injuries against Dowdy's. The attorney wrote Dowdy's, and later wrote Dowdy's liability insurer, T.H.E. Insurance Company, giving notice that the AliKhans intended to proceed with a claim, but has not as of now filed suit against anyone in connection with this incident.

Upon receipt of the letter from the AliKhan's counsel, T.H.E. filed a declaratory judgment complaint, alleging that certain exclusions in its policy and Dowdy's failure to give prompt notice as required by policy provisions would nullify the duty to defend any suit which may be brought for the AliKhans' injuries.

*DISCUSSION*

■ Both the constitution and the declaratory judgment statute, 28 U.S.C. § 2201, impose as jurisdictional requirements that there be an actual justiciable controversy before the court in a declaratory judgment action. In the insurance context, it has long been accepted that a liability insurer may bring a declaratory judgment action against its insured to determine coverage prior to the third-party plaintiff obtaining judgment against the insured. *See e.g. Allstate Insurance Co. v. Mercier*, 913 F.2d 273 (6th Cir. 1990). Since the liability insurer is under a duty to defend any suit against its insured, the declaratory judgment action provides a way for the insurer to avoid either providing a defense for claims that are not covered under the policy or risk a bad faith action for refusing to defend. *See e.g. ACandS, Inc. v. Aetna Casualty and Surety Co.*, 666 F.2d 819, 823 (3rd Cir.1981). The question in the instant case, however is whether T.H.E. Insurance Company's potential duty to defend or settle this case is sufficiently at issue to constitute an actual controversy, even though no complaint against its insured has yet been filed.

■ In deciding this question the realities of the claims adjustment process must be taken into account. Until it is clear whether his injuries are covered by the potential defendant's liability policy, the injured third party does not know whether to conduct settlement negotiations with the defendant or the insurer. The insurer is on actual notice of the AliKhans' injuries, and unless it can obtain declaratory relief it must maintain a claim file until the expiration of the statute of limitations for those injuries. Moreover, the insurer is faced with the choice between undertaking potentially costly investigation and settlement negotiations on a claim for which there may be no coverage and waiting until suit is filed and losing the opportunity to investigate potential liability defenses while the evidence is still fresh. Finally, despite the defendant's opposition to this suit, a coverage determination now, rather than after suit is filed, permits defendant to decide whether it should pursue settlement on its own initiative or permit the insurer to conduct all negotiations.

The reasoning of the district court in *Manhattan Fire & Marine Insurance Co. v. Nassau Estates II*, 217 F.Supp. 196 (D.N.J.1963) is especially instructive, since the operative facts are strikingly similar to those of the case at bar. In *Manhattan Fire*, plaintiff insurer sued for declaratory judgment against its insured after an infant was injured in an accident on the defendant insured's premises. No suit against the insured had yet been filed, and the defendant raised lack of jurisdiction as an affirmative defense. The court allowed a motion to strike this defense, reasoning that:

> Although no action is as yet pending in behalf of the accidentally injured infant, the insurer is on actual notice of the occurrence of the accident and of the severity of the injuries. An action may be brought in behalf of the infant at any time between the date of the happening of the accident and two years next succeeding his attainment of majority. Meanwhile, unless the insurer can secure an adjudication respect-

ing its liability under the policy upon the facts alleged in the complaint, it may be put to the labor and expense of investigation which may, several years later, be found to have been for naught.

*Manhattan Fire*, 217 F.Supp. at 198.

Similarly, in *State Farm Mutual Automobile Insurance Co. v. Sampson*, 305 F.Supp. 50 (M.D.Fla.1969), two liability insurers sought a declaration as to which had primary coverage for liability arising out of an auto accident. Two of the injured parties were minors who were riding a motorcycle. The court found that it had subject matter jurisdiction, explaining that

> Neither of the injured motorcycle riders, nor their parents, have as yet filed actions against the other parties in this suit for personal injuries and property damage. However, it is obvious that suit is imminent pending the outcome of this litigation and the court finds that under the circumstances the lack of a pending claim or a court suit by the injured parties should not be a barrier to jurisdiction and a declaration of rights in this action.

*State Farm*, 305 F.Supp. at 52.

While the court recognizes that at least one recent case, *Georgia American Insurance Co. v. Johnson*, 712 F.Supp. 530 (S.D.Miss.1989), held that there was no case or controversy between insurer and insured where no suit had been filed by the third-party claimant, the *Manhattan Fire* and *State Farm* cases take a much more realistic view of the claims process in determining whether a declaratory judgment action is proper. It is much more sensible to permit resolution of coverage issues when the dispute first arises than to require all parties to endure unnecessary uncertainty and expense until a third-party complaint has been filed. Where a settlement demand has been made, the presence or absence of coverage is critical for all parties in determining how to proceed, and a disputed coverage issue is a sufficiently live controversy to make exercising jurisdiction appropriate under 28 U.S.C. § 2201.

*CONCLUSION*

For these reasons, the court holds that the coverage issue in dispute in the case at bar is within the court's subject matter jurisdiction under 28 U.S.C. § 2201. Accordingly, defendants motion to dismiss under Rule 12(b)(1), Fed.R.Civ.P. is DENIED.

SO ORDERED.