Henry T. **PIRKLE**

v.

**AMERICAN LIBERTY INSURANCE CO.**
**and Hartford Accident & Indemnity**
**Company.**

Civ. A. No. 9148.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 14, 1965.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for plaintiff.

Ross & Finch, Atlanta, Ga., for American Liberty Ins. Co.

Marvin G. Russell, Turner Paschal, Atlanta, Ga., for Hartford Acc. & Indem. Co.

SLOAN, Senior District Judge.

This is a diversity action and the jurisdictional facts alleged are not controverted.

Plaintiff in his complaint alleges that on September 1, 1961, while plaintiff was operating Paul Tyler's automobile, with Tyler's consent, the automobile injured James A. Bates.

Hereafter Henry T. Pirkle will be referred to as "plaintiff"; the American Liberty Insurance Company will be referred to as "American"; Hartford Accident & Indemnity Company will be referred to as "Hartford"; Paul Tyler will be referred to as "Tyler"; and James A. Bates will be referred to as "Bates".

The complaint alleges that plaintiff had on September 1, 1961, an automobile liability policy with American and on that date Tyler had an automobile liability policy with Hartford. That Hartford's policy provided coverage to plaintiff while operating the automobile with Tyler's permission.

The complaint alleges that Bates sued plaintiff in Fulton Superior Court, Suit No. A–94405, claiming $85,000 damages for injuries to Bates on September 1, 1961. The suit was served on plaintiff on July 9, 1962. The plaintiff requested American to defend the action, delivering to American a copy of petition and process and on July 13, 1962, American returned the same to plaintiff and refused to defend the suit.

The plaintiff on July 19, 1962, delivered the petition and process to Hartford and that Hartford on July 25, 1962, returned same to plaintiff and refused to defend the suit.

Complaint alleges that on July 25, 1962, plaintiff was served with a petition and process, Suit No. A–94836, in Fulton

Superior Court wherein Mrs. James Bates sought to recover of plaintiff $25,000 for loss of services and consortium because of the injuries to Bates on September 1, 1961.

Complaint alleges that because of the refusal of the defendants American and Hartford to defend the action, plaintiff employed the law firm of Powell, Goldstein, Frazer and Murphy to defend same.

Complaint alleges that Bates' case was tried on March 30, 1964 through April 1, 1964, and that the jury rendered a verdict against plaintiff in the sum of $8,500 and that Mrs. Bates' suit is still pending. Complaint alleges that on June 8, 1964, plaintiff demanded of American and then of Hartford that it pay the judgment and the court costs and attorney's fees and expenses incurred by plaintiff in behalf of his own defense and that on June 12, 1964, American refused plaintiff's demand and on June 19, 1964, Hartford denied plaintiff's demand. The complaint alleges that the defendants' refusal to defend Mr. Bates' suit has damaged plaintiff as follows: (a) Expenses $213.17, (b) attorney's fees $3,-535, (c) judgment $8,500 and (d) court costs $50.10.

The plaintiff contends that the defendants are jointly indebted to him in said sums plus 7 percent interest from April 1, 1964 through the date of judgment in this Court. The plaintiff further asks that this Court declare that the defendants are obligated to defend plaintiff in Mrs. Bates' suit and within the limits of their liability to satisfy any judgment which may be rendered against plaintiff.

American makes answer and admits that plaintiff held a policy of automobile liability insurance issued by American but denies that said policy provided coverage with respect to the occurrence which is the subject matter of plaintiff's complaint.

American contends that its policy held by the plaintiff expressly excluded coverage to a non-owned automobile while used in the automobile business by the insured and that the occurrence which is the subject matter of plaintiff's complaint arose from the use of a non-owned automobile while used in the automobile business by the insured within the meaning of the policy with the result that no coverage is or was afforded by said policy with respect to this occurrence.

For the above reason American contends that the Court should declare no coverage as to the plaintiff in Mrs. Bates' case.

Hartford makes answer and says its policy to Tyler expressly excluded any coverage to plaintiff at the time and place and under the circumstances of plaintiff's operation of said automobile on September 1, 1961, for plaintiff, as an employee of Boomershine Pontiac, Inc., was using the automobile of Tyler in the automobile business for the purpose of appraising the value preliminary to the trading of same by Tyler with Boomershine Pontiac, Inc.

Hartford further contends that Bates was a fellow employee of plaintiff with Boomershine Pontiac, Inc. and in the course of his employment at the time of the injury.

Hartford quoting the policy provisions contends that Tyler was the named insured in Item one of the declaration in said policy and the plaintiff an insured, but by reason of the quoted provision no coverage was afforded to the plaintiff under the policy issued by defendant to Tyler and insists that Hartford is therefore not liable to the plaintiff in said matter.

The parties pursued their discovery procedures. The depositions of plaintiff were taken on June 16, 1965, request for admissions were served on plaintiff by Hartford and the same were answered. Request for admissions on behalf of American were served upon plaintiff and answered and after the conclusions of the discovery procedures, the defendant American filed its motion for summary judgment and prays that judgment be entered on behalf of American.

The defendant Hartford filed its motion for summary judgment and prays that summary judgment be granted and that judgment be entered in its favor and

that it be discharged hence with costs upon the plaintiff.

The plaintiff files a cross-motion for summary judgment and prays that the Court enter a summary judgment declaring the defendants to be indebted to plaintiff in the amount of the judgment rendered against plaintiff as well as attorney's fees, court costs and expenses incurred by plaintiff in behalf of his own defense.

Each of the parties have filed their briefs in support of their respective motions and the motions are now, under the Local Rules of this Court, properly before the Court for determination.

Considering the pleadings, the evidentiary matter in the case, the request for admissions and the answers thereto, the depositions of the plaintiff and the copies of the insurance policies appearing in the record the Court makes the following

### FINDINGS OF FACT

The plaintiff was an automobile salesman, employed by Boomershine Pontiac, Inc., being an employee of Boomershine in that capacity since 1959. It was his duty to promote and sell new automobiles for his employer. On September 1, 1961, Tyler came in to the Boomershine Pontiac, Inc. and came to plaintiff and Tyler and plaintiff were talking of trading automobiles. Tyler had a 1960 Studebaker that he wanted to trade in and after plaintiff and Tyler had gone through the procedure of writing up and trying to trade, the value that Tyler wanted for his car was high so plaintiff went out to get Tyler's car to carry it up to Mr. Charlie Mabry to get it appraised. Mr. Charlie Mabry was the used car manager and appraiser for Boomershine Pontiac, Inc. As plaintiff got into Tyler's car and went to back it out and when he cranked it to put it in reverse the throttle went wide open and started backing at a rapid speed so he put on the brakes and undertook to throw it into neutral but instead hit low and the car went forward, hitting a table leg, knocking the table leg against Mr. Bates and injuring him. Mr. Bates was also employed by Boomershine Pontiac, Inc. and was in the course of his employment at the time he was injured.

On September 1, 1961, plaintiff was driving Tyler's automobile with Tyler's permission and on that date Tyler had a family automobile insurance policy No. 20–GF–489788 with the defendant Hartford and on September 1, 1961, plaintiff was a named insured under a policy of automobile liability insurance No. AX–63756 issued by defendant American. On July 9, 1962, plaintiff was served with a suit—James A. Bates v. Henry T. Pirkle, No. A–94405, Fulton Superior Court, claiming $85,000 for the injuries to Bates on September 1, 1961. Plaintiff furnished to American and to Hartford the said suit and process and requested them to defend. On July 13, 1962, American refused the request and on July 25, 1962, Hartford refused plaintiff's request to defend plaintiff in said suit.

On July 25, 1962, plaintiff was served with a suit sounding as Mrs. James A. Bates v. Henry T. Pirkle, Suit No. A–94836, Fulton Superior Court, claiming $25,000 for loss of services and consortium because of the injuries to Mr. Bates on September 1, 1961.

On April 1, 1964, a verdict and judgment in the amount of $8,500 was returned against plaintiff in Mr. Bates' suit. On June 12, 1964, American refused plaintiff's demand that it pay the judgment, interest on the judgment, court costs, attorney's fees and expenses, and on June 19, 1964, Hartford refused plaintiff's demand that it pay the judgment, interest on the judgment, court costs, attorney's fees and expenses incurred by plaintiff in defense of the suit.

The exclusionary clause of its policy relied on by American is, as follows:

"Exclusions. This policy does not apply under Part 1:

"(h) to a non-owned automobile while used (1) in the automobile business by the insured or (2) in any other business or occupation of the insured except a private passenger automobile operated or occu-

pied by the named insured or by his private chauffeur or domestic servant, or a trailer used therewith or with an owned automobile;"

The exclusionary clauses in Hartford's policy relied on by Hartford are, as follows:

In Section 1(4) "named insured" and "insured" in said policy are defined, as follows:

"named insured means the individual named in Item 1 of the declaration and also includes his spouse, if a resident of the same household;

"insured means a person or organization described under Persons Insured;"

Under Section 1(5) exclusion, Hartford's policy provides:

"5. Exclusions. This policy does not apply under section 1:

"(f) to bodily injury to any fellow employee of the insured injured in the course of his employment if such injury arises out of the use of an automobile in the business of his employer, but this exclusion does not apply to the named insured with respect to injury sustained by any such fellow employee;

"(g) to an owned automobile while used in the automobile business, but this exclusion does not apply to the named insured, a resident of the same household as the named insured, a partnership in which the named insured or such resident is a partnership, or any partner, agent or employee of the named insured, such resident or partnership;"

In each of the policies both American and Hartford "automobile business" is defined under Part 1. Liability, Definitions, as follows:

"Automobile business means a business or occupation of selling, repairing, servicing, storing or parking automobiles;"

Plaintiff was not "a named insured" in the Hartford policy as that term is used in that policy.

## QUESTION FOR DETERMINATION

Was the Paul Tyler automobile used "in the automobile business" as that term is used in the insurance policies here involved?

(Hartford's contention that exclusion (f) presents an additional question where the injured person is a fellow employee is without merit since the application of this provision is conditioned, as follows: " * * * if such injury arises out of the use of an automobile in the business of his employer. * * *" Since the employer here was Boomershine Pontiac, Inc. who was in the automobile business, the exclusion can not apply unless the Tyler automobile was being used "in the automobile business.")

## CONCLUSIONS OF LAW

This Court has jurisdiction of this case by reason of the provisions of § 1332 of Title 28 U.S.Code.

■ This being a diversity case the law of Georgia is controlling; however, no Georgia case in point has been cited and research has not disclosed such Georgia authority.

The courts of other states who have construed this exclusion clause are not in harmony.

■ This Court is firmly of the opinion and here holds that the plaintiff's permissive use of Tyler's car to drive it to an appraiser, an employee of Boomershine Pontiac, Inc. to secure an appraisal, a valuation of the car, to use in trade negotiations did not constitute a use of the automobile "in the automobile business" as that term is used in the exclusion clause of the insurance policies here. Goforth v. Allstate Insurance Company, D.C., 220 F.Supp. 616, 618, 619, affirmed 327 F.2d 637 (4 Cir.); Chavers v. St. Paul Fire and Marine Insurance Company, (N.D. Ohio) 188 F.Supp. 39; McCree v. Jenning, 55 Wash.2d 725, 349 P.2d 1071; Allstate Insurance Company v. Skawinski, 40 Ill.App.2d 136, 189 N.E. 2d 365; Case v. Fidelity and Casualty Company of New York, 105 N.H. 422, 201 A.2d 897 (1964).

To paraphrase the language in Case v. Fidelity and Casualty Co. of New York, supra, at 201 A.2d 900—

■ This Court is of the opinion that this language is not intended to exclude coverage because the automobile happens to be in possession of one or under control of a person whose business is automobiles. Nor can it reasonably be interpreted to deny coverage by the mere fact that a salesman is using a prospective customer's car in the process of appraising it. On the contrary a reasonable person in the position of the insured would understand it to mean that the coverage would be excluded when the automobile was employed for some purpose in connection with the automobile business. Tyler's car was at this sales room because Tyler wanted to trade it in on a new car not to be "used" in the automobile business.

The plaintiff's motion for summary judgment is, as to the liability of defendants, granted.

The motion of American for summary judgment is denied.

The motion of Hartford for summary judgment is denied.

1. Defendants American and Hartford are liable to plaintiff for the payment of the judgment rendered against plaintiff in Mr. Bates' case, the court costs and interest on same from April 1, 1964, through the date of final judgment hereon, necessary expenses and reasonable attorney's fees incurred by plaintiff in behalf of his own defense.

2. The defendants are obligated to defend plaintiff in the pending case of Mrs. James Bates against plaintiff and within the limits of their liability to satisfy any judgment which may be returned against plaintiff.

3. There is neither stipulation nor proof as to the expenses and attorney's fees claimed by plaintiff and no judgment as to amounts can be rendered at this time.

A judgment in accordance with these findings and conclusions may be prepared and presented.