TRUCK INSURANCE EXCHANGE ET AL., APPELLEES, V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLANT, IMPLEADED WITH JANICE NELSON ET AL., APPELLEES.

154 N. W. 2d 524

Filed December 1, 1967.    No. 36645.

Healey & Healey, for appellant.

Baylor, Evnen, Baylor & Urbom and Robert T. Grimit, for appellees Truck Ins. Exchange et al.

Kanouff & Edstrom, for appellees Nelson et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action under the Uniform Declaratory Judgments Act. On the evening of Friday, November 9, 1962, Terrence A. Naughton left his automobile at a filling station operated by Louis R. and William Tennison who, together with their insurer, Truck Insurance Exchange, are plaintiffs herein. Naughton stated he would call for the car sometime Sunday, and was informed by Louis R. Tennison that they would service the car, and keep it inside the station at night. Gas was placed in the car on Friday evening and it was then driven inside the station where it remained overnight. The following morning servicing of the car was completed. In order to enable the plaintiffs Tennison to use the "rack," the car was driven outside and because there were numerous other cars on the lot, it had to be driven out of the

driveway onto U. S. Highway No. 77 and then into another driveway before it could be parked on the filling station premises. As Louis R. Tennison drove the car out onto the highway, a collision occurred with an automobile owned by the defendants Alden and Myrtle Nelson, and Janice and Myrtle Nelson sustained personal injuries. The Naughton automobile was insured by the defendant State Farm Mutual Automobile Insurance Company and the Nelson automobile, by the Employers Mutual Casualty Insurance Company.

Plaintiff, Truck Insurance Exchange, admits liability to the defendants Nelson, but its policy contained the following clause: "The insurance afforded by this policy shall not apply to any loss covered by any other insurance but shall be excess insurance over such other insurance," and it contends that primary liability to the Nelsons lies with the defendant State Farm Mutual Automobile Insurance Company within the limits of its policy, and that said plaintiff is liable only for the excess. State Farm Mutual Automobile Insurance Company denies liability due to the following exclusions contained in its policy: "This insurance does not apply under: * * * (c) coverages A and B, except as to the named insured, to the owned automobile while used in an automobile business * * *." "Automobile Business" means "the business of selling, repairing, servicing, storing or parking of automobiles." Coverages A and B deal with bodily injury liability and property damage liability. It contends that when Louis R. Tennison completed servicing the Naughton automobile and proceeded to drive it to a parking place that the automobile, was being "used in an automobile business" within the exclusionary clauses.

On trial in the district court, the court found generally for plaintiff Truck Insurance Exchange, and entered judgment to the effect that the policy issued by Truck Insurance Exchange constituted excess insurance over that afforded under the policy issued by State Farm Mutual Automobile Insurance Company.

The clear meaning of the exclusions in the State Farm Mutual Automobile Insurance Company policy is that an automobile is "used in an automobile business" when it is used in "the business of selling, repairing, servicing, storing or parking of automobiles." In the present instance, plaintiffs Louis R. and William Tennison were engaged in the business of servicing automobiles. In connection with such business, it was necessary to occasionally move and park the vehicles being serviced. They did not have authority to use the Naughton vehicle for their own purposes in the furtherance of their business as filling station operators, but only to service and care for it. Under such circumstances, can it be logically said that the automobile was being used in the business operated by the Tennisons as servicemen? We do not think so. The Naughton automobile was not being used in the business of servicing automobiles or of furnishing services to the Tennisons' customers, but was the object or subject of such service. See, Hammer v. Malkerson Motors, Inc., 269 Minn. 563, 132 N. W. 2d 174; Trolio v. McLendon, 9 Ohio St. 2d 103, 224 N. E. 2d 117; LeFelt v. Nasarow, 71 N. J. Super. 538, 177 A. 2d 315; McCree v. Jenning, 55 Wash. 2d 725, 349 P. 2d 1071; Allstate Ins. Co. v. Skawinski, 40 Ill. App. 2d 136, 189 N. E. 2d 365; Goforth v. Allstate Ins. Co., 220 F. Supp. 616; Chavers v. St. Paul Fire & Marine Ins. Co., 188 F. Supp. 39; National Farmers Union Property & Cas. Co. v. Farmers Ins. Group, 14 Utah 2d 89, 377 P. 2d 786; Pirkle v. American Liberty Ins. Co., 247 F. Supp. 1018; St. Paul Fire & Marine Ins. Co. v. Thompson (Ala.), 189 So. 2d 866; Wilks v. Allstate Ins. Co. (La. App.), 177 So. 2d 790, writ refused, 248 La. 424, 179 So. 2d 18; Western Alliance Ins. Co. v. Cox (Tex. Civ. App.), 394 S. W. 2d 238; American Fire & Cas. Co. v. Surety Indem. Co., 246 S. C. 220, 143 S. E. 2d 371; Case v. Fidelity & Casualty Co. of New York, 105 N. H. 422, 201 A. 2d 897; 7 Appleman, Insurance Law and Practice, § 4372, p. 341.

No error appearing in the record, the judgment of the trial court should be and is affirmed.

AFFIRMED.