AVELINO HERRERA, JR., APPELLEE, v. AMERICAN STANDARD INSURANCE COMPANY, APPELLANT.

279 N. W. 2d 140

Filed May 22, 1979. No. 42085.

Timothy J. Pugh of Boland, Mullin & Walsh, for appellant.

Frank Meares, for appellee.

Heard before KRIVOSHA, C. J., McCOWN, CLINTON, and BRODKEY, JJ., and IRONS, District Judge.

BRODKEY, J.

Plaintiff-appellee, Avelino Herrera, Jr., was the named insured under an automobile policy containing motorcycle coverage issued him by the defendant-appellant, American Standard Insurance Company. The insurance policy provided the plaintiff with uninsured motorist protection. On June 25, 1975, the plaintiff, while riding his motorcycle, was struck by an automobile owned and operated by one Ronald Jefferson. Jefferson was an uninsured motorist. Plaintiff brought a suit against Jefferson for his personal injuries and property damage. A jury returned a $5,000 verdict for the plaintiff against Jefferson. The plaintiff then issued garnishment proceedings against American Standard Insurance Company to recover a $5,000 judgment entered against Jefferson. After a hearing, the District Court found that American Standard was not subject to any liability to plaintiff "at this time."

Plaintiff then brought suit against American

Standard for a declaratory judgment as to liability under the insurance policy issued him by American Standard. Counsel for defendant filed an answer for American Standard, admitting the validity of the policy, and the judgment against Jefferson, but averring that the judgment included property damage which was not recoverable under the uninsured motorist coverage of Herrera's policy. American Standard also averred in its answer that it had tendered $4,039 to Herrera, which he rejected. It also deposited $4,105 with the clerk of the District Court, which it claimed represented the amount due and owing under its insurance policy, with interest and costs. Plaintiff Herrera then filed a motion for summary judgment, with an affidavit and the insurance policy attached to the motion.

A hearing on plaintiff's motion for summary judgment was held and briefs were submitted. Plaintiff also applied for an award of attorney's fees, and evidence on this issue was heard by the District Court. The District Court then entered a memorandum and order finding that there was no real issue of fact, and that there was no factual basis by which the court could reduce the jury's verdict entered in the plaintiff's suit against Ronald Jefferson. The District Court entered a judgment for the plaintiff Herrera against the defendant American Standard for the full $5,000, plus interest and costs. The District Court also allowed plaintiff's counsel a $2,000 fee for his services in the declaratory judgment action. Defendant American Standard then perfected this appeal.

Plaintiff filed his original suit against Ronald Jefferson on January 8, 1976. At that time the law firm presently representing defendant insurance company entered an appearance for Ronald Jefferson and filed an answer on his behalf. Jefferson's privately retained attorney also appeared for him. On August 20, 1976, defendant insurance company's

present counsel withdrew as Ronald Jefferson's counsel, and entered an appearance for American Standard, filing a petition in intervention in the action. Discovery was had, but on September 20, 1977, just before the jury was to be selected, counsel for American Standard dismissed its petition in intervention, and then reentered its appearance as counsel for Jefferson. Trial was held, after which the jury returned a verdict for plaintiff and against Ronald Jefferson in the amount of $5,000. No special verdict instruction was requested nor given to the jury. The District Court entered judgment on the jury's verdict.

The defendant has alleged two principal assignments of error. First, that relief should not have been granted under a declaratory judgment action, claiming that a suit could have been brought on the insurance contract, and hence an equally serviceable remedy was available; and second, summary judgment should not have been granted because there was a question of material fact as to whether the judgment entered against Ronald Jefferson included property damage which American Standard should be entitled to deduct, and the amount thereof.

Defendant American Standard first argues that the uninsured motorist coverage provision in the policy issued to Herrera does not include coverage for property damage. Section 60-509.01, R. R. S. 1943, provides that every motor vehicle insurance policy issued or delivered in Nebraska must include coverage for bodily injury or death for the protection of the insureds "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of *bodily injury, sickness or disease*, including death, resulting therefrom; *Provided*, that the named insured shall have the right to reject such coverage * * *." (Emphasis supplied.) The foregoing statute, providing for uninsured motorist cover-

age, only states that bodily injury or death coverage be provided. It does not specifically require that property damage be provided under uninsured motorist coverage. However, the statute merely sets forth minimum requirements, and the issued policy may provide for greater coverage.

The uninsured motorist clause in the policy American Standard issued Herrera provides in pertinent part as follows: "DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED AUTOMOBILES The company shall pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance, or use of such uninsured automobile * * *." Nowhere does the policy specifically provide for property damage coverage.

Plaintiff argues, however, that even though section 60-509.01, R. R. S. 1943, the Nebraska uninsured motorist statute, does not specifically mention insurance against "property damage," this court has held that a person with uninsured motorist coverage has the same protection he would have had if he were injured in an accident covered by a standard liability policy. State Farm Mut. Auto. Ins. Co. v. Selders, 187 Neb. 342, 190 N. W. 2d 789 (1971); Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133 (1968). We have also held that the statute in question was enacted for the benefit of the innocent victim of a financially irresponsible motorist, and is to be liberally construed to fully accomplish that purpose. Protective Fire & Cas. Co. v. Woten, 186 Neb. 212, 181 N. W. 2d 835 (1970). Plaintiff also points out that we have held an insurer may not limit its liability under uninsured motorist coverage by setoffs or limitations. Stephens v. Allied Mut. Ins. Co.,

*supra.* In short, plaintiff contends that uninsured motorist coverage in this state covers property damage, whether specifically mentioned or not.

We do not deem it necessary to decide that issue at this time, for the reason that even assuming, without deciding, that property damage is covered under the Nebraska statute and defendant's policy issued to plaintiff, it would not change the result in this case in view of our conclusion, hereinafter discussed, that there is no way of knowing in the instant case how much, if any, property damage was included in the verdict of the jury.

American Standard argues in its brief that it paid the plaintiff for his property damage, less a deductible, under his collision coverage. Its counsel also filed an affidavit in response to plaintiff's motion for summary judgment, stating therein that the sum of $4,105, deposited with the clerk of the District Court, "represented the $5,000.00 judgment taken against Ronald Jefferson by Avelino Herrera minus $1,050.00 property damage, plus taxable Court costs and interest on $5,000.00 judgment to the date of filing the Answer."

In his petition filed against Ronald Jefferson in District Court, plaintiff prayed for judgment in the sum of $4,228.23 special damages and also for general damages. He alleged he had suffered and will continue to suffer pain, and also a diminution of earning capacity. He further alleged that his motorcycle was of the fair and reasonable value of $1,650 before the accident and that the salvage value after the accident was $550, or a total loss of $1,100. He also alleged the incurring of doctor bills, hospital bills, and loss of wages; and alleged he suffered permanent injuries. We have no way of knowing what evidence was adduced in support of these various items of damage in the original trial as the bill of exceptions was not made part of the record in the appeal in this case. Defendant insurance com-

pany did, however, introduce what it designated a "partial" bill of exceptions consisting of one page, and three question and answers relating to the "before" and "after" value of plaintiff's damaged motorcycle. The above constitutes the only evidence in the record as to any of the property damage allegedly suffered by plaintiff.

American Standard urges this court to adopt a rule that would allow insurance companies to deduct the amount paid an insured, plus the deductible, under the collision insurance, from any judgment entered against an uninsured motorist. We decline to do so in this case. The jury returned a general verdict. Although evidence of property damage was presented to the jury, the verdict did not delineate what amount, if any, was for the plaintiff's property damage and what amount was for his personal injuries. The jury may or may not have included an amount in its verdict for the plaintiff's property damage. Many types of damages were claimed by plaintiff, and we have no way of knowing what elements were considered, or the basis on which the jury determined the amount of damages finally awarded. Their reasons inhere in their verdict, and may not be inquired into. Defendant is asking this court to grant it the opportunity to relitigate and recompute the amount of its insured's bodily injuries by showing that property damage may have been included in the jury's verdict in the original suit against the uninsured motorist. That result could have been reached by means of a request for a special or itemized verdict; and if deemed material as a defense should have been done in the original trial, and not by extended litigation.

Defendant's assignment of error that summary judgment should not have been granted here because there was a question of fact whether, and in what amount, the jury verdict against the uninsured motorist contained an award for the plaintiff's prop-

erty damage, is also without merit. We believe the District Court correctly stated in its memorandum and order that "it cannot be assumed that the jury verdict included all of the plaintiff's money loss because of bodily injury and property damage; and that there is no legal or factual basis for this Court reducing the amount of the jury's verdict and the Court's judgment in the original case." Defendant American Standard became a party to Herrera's original suit against the uninsured motorist, Jefferson, by its petition in intervention. Later it voluntarily, and of its own accord, withdrew as an intervenor, shortly before the jury was selected. Counsel for defendant insurance company then reentered its appearance as defense counsel for the uninsured motorist. As previously mentioned no special verdict was requested. Defendant at this late date cannot claim that it has the right to relitigate the amount of plaintiff's damages.

Defendant has also assigned as error that relief should not have been granted in a declaratory judgment action because a suit could have been brought on the insurance contract. This contention is also without merit. Plaintiff brought this suit for a declaratory judgment under section 25-21,149 et seq., R. R. S. 1943, and prayed for "a determination of the obligations and liabilities of the parties under the policy * * *." Defendant relies on Scudder v. County of Buffalo, 170 Neb. 293, 102 N. W. 2d 447 (1960), in support of its contention that this declaratory judgment action was not proper. However, Scudder is distinguishable by its own language. In that case we stated: "The plaintiff contends that the declaratory judgment act provides for a declaration of rights and status where the record shows a plain mistake in the appraisal and assessment of property. We do not agree with this contention. The act does not create a new cause of action where one did not previously exist. The purpose of the act is to

provide a method for having issues speedily determined which would otherwise be delayed to the possible injury of those interested, if they were compelled to await the ordinary course of judicial proceedings. Stewart v. Herten, 125 Neb. 210, 249 N. W. 552. *Where an exclusive remedy is provided, the declaratory judgment act does not provide an additional remedy.* A declaratory judgment action can afford no relief to one who has failed to pursue a full, adequate, and *exclusive statutory remedy.* In fact, the general rule is that an action for a declaratory judgment will not be entertained when another equally serviceable remedy has been provided. Stewart v. Herten, *supra.* It certainly was never intended as a cumulative remedy to one who has failed to pursue a full, adequate, and *exclusive remedy.*" (Emphasis supplied.)

No exclusive statutory remedy is available to plaintiff in this case. Declaratory judgment actions have frequently been used in this state to determine the liabilities of the parties under insurance policies. In Workman v. Great Plains Ins. Co., Inc., 189 Neb. 22, 200 N. W. 2d 8 (1972), we stated: "The defendant contends that a declaratory judgment action is not an action 'at law' unless it involves the recovery of a money judgment. It is of course correct that generally speaking declaratory judgment proceedings are probably neither legal nor equitable but sui generis. In any event, this court has previously treated a declaratory judgment action seeking to determine whether insurance coverage is applicable in particular instances or to particular persons as an action at law. See, Hawkeye Casualty Co. v. Stoker, 154 Neb. 466, 48 N. W. 2d 623; State Farm Mutual Auto. Ins. Co. v. Kersey, 171 Neb. 212, 106 N. W. 2d 31. A jury was specifically waived in the trial court. The nature of the action here is not to impose equitable terms on disputing parties, but to determine fixed legal rights. *The action here takes the place*

*of what would be a later action for money damages.* That does not change the nature of the action nor make the statute inapplicable." (Emphasis supplied.) See, also, Truck Ins. Exchange v. State Farm Mut. Auto. Ins. Co., 182 Neb. 330, 154 N. W. 2d 524 (1967). The use of a declaratory judgment remedy was proper in the instant case to determine the rights and obligations of the insured and the insurance company under an uninsured motorist clause after final judgment had been entered against the uninsured motorist.

Defendant's final argument is that the award to plaintiff of $2,000 in attorney's fees was excessive. Reasonable attorney's fees may properly be awarded in actions upon an insurance policy under section 44-359, R. R. S. 1943.

In Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133 (1968), we stated: "The amount allowed [for attorney's fees] rests in the sound discretion of the district court, considering the elements of the amount involved, the responsibility assumed, the questions of law raised, the time and labor necessarily required in the performance of duties, the professional diligence and skill required, and the result of the services performed." In this case the award of attorney's fees to the plaintiff could be and was made only for services rendered in the declaratory judgment action.

Plaintiff called as a witness, Jon Okun, a practicing trial attorney in Omaha, with 13 years of experience. Okun testified that the hourly fee of an experienced attorney in Omaha would range from $60 to $100 an hour. He also testified that he had reviewed all three actions brought by the plaintiff and it was his opinion that $2,500 was a "fair and reasonable charge" for the plaintiff's attorney for services in the declaratory judgment action. He testified he had calculated that the plaintiff's attorney had expended 40 hours in connection with the declaratory

judgment action. We note that defendant's attorney was also called as a witness by the plaintiff. He testified that he charged his client $60 an hour in defending the declaratory judgment action. Although this declaratory judgment action only involved a claim for approximately $1,000 above the $4,000 offered by the defendant, we are unable to say after carefully reviewing the record that the District Court abused its discretion in its allowance of attorney's fees to the plaintiff. We also find that he should be awarded an additional fee of $750 for services in this court.

Finding no reversible error, the judgment of the District Court must be affirmed.

AFFIRMED.