HIWAY 20 TERMINAL, INC., A NEBRASKA CORPORATION, APPELLEE, V. TRI-COUNTY AGRI-SUPPLY, INC., A NEBRASKA CORPORATION, APPELLEE, CORNHUSKER CASUALTY COMPANY, GARNISHEE-APPELLANT.
HIWAY 20 TERMINAL, INC., A NEBRASKA CORPORATION, APPELLEE, V. ABILD, INC., DOING BUSINESS AS ATLANTIC STEEL ERECTORS, AN IOWA CORPORATION, APPELLEE, MARYLAND CASUALTY COMPANY, GARNISHEE-APPELLANT.
454 N.W.2d 671

Filed May 4, 1990. Nos. 88-333, 88-855.

Donald R. Witt, of Baylor, Evnen, Curtiss, Grimit & Witt, for garnishee-appellant Cornhusker Casualty.

Stephen L. Ahl, of Wolfe, Anderson, Hurd, Luers & Ahl, for garnishee-appellant Maryland Casualty.

Peter T. Hoffman and Kim M. Robak, of Rembolt Ludtke Parker & Berger, for appellee Hiway 20.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This appeal stems from judgments entered in an earlier case in the Brown County District Court in favor of Hiway 20 Terminal, Inc. (Hiway 20), plaintiff-appellee herein, on general jury verdicts against the defendants, Abild, Inc., doing business as Atlantic Steel Erectors (Abild), and Tri-County Agri-Supply, Inc. (Tri-County), in the amount of $325,653.10. Identical judgments were entered in separate cases which had been consolidated for trial. The judgments were affirmed on appeal in *Hiway 20 Terminal, Inc. v. Tri-County Agri-Supply, Inc.*, 232 Neb. 763, 443 N.W.2d 872 (1989).

While the appeals were pending in the Supreme Court, Hiway 20 initiated garnishment proceedings to collect the judgments. In their answers to interrogatories in those proceedings, Maryland Casualty Company (Maryland) acknowledged that it had an insurance policy insuring Abild and Cornhusker Casualty Company (Cornhusker) similarly

acknowledged that it had a policy insuring Tri-County, but the insurers denied that the policies included coverage for all damages awarded at trial. Maryland and Cornhusker admit liability for some of the damages awarded, but contend that the judgments also include damages not covered by the policies of insurance issued to Abild and Tri-County.

In the garnishment proceedings, following a hearing on an application for determination of Maryland's and Cornhusker's liability, the court found Maryland and Cornhusker each indebted to Hiway 20 for the full amount of the judgments. Maryland and Cornhusker timely appealed. The cases, although briefed separately, were consolidated for argument and will be considered in one opinion.

Generally, Cornhusker and Maryland assign error to the district court's determination that they, as garnishees, are liable for the entire amount of damages awarded Hiway 20. More specifically, they contend that the court erred in (1) failing to grant Tri-County's motion for a special verdict at trial and (2) denying a motion to go behind the general verdicts in order to determine the scope of insurance coverage.

Cornhusker additionally assigns error to, but does not address, the court's action in overruling a motion to dismiss Hiway 20's amended application for determination of liability and the court's calculation of interest on the judgment. Assignments of error not discussed are not considered by the Supreme Court. *State v. Martin*, 232 Neb. 385, 440 N.W.2d 676 (1989); *In re Interest of P.M.C.*, 231 Neb. 701, 437 N.W.2d 786 (1989).

Essentially, appellants contend in their two assignments of error that a motion for a special verdict was made at the trial of the underlying case. Appellants contend that they followed the suggestion in *Herrera v. American Standard Ins. Co.*, 203 Neb. 477, 279 N.W.2d 140 (1979), and requested special verdict forms and that because their motions were improperly overruled, the cases should be remanded for an apportionment hearing to determine the portion of the damages award which they, as garnishees, should be required to pay under the insurance policies. In *Herrera, supra*, Herrera's insurer was a party for a time to the underlying Herrera-Jefferson case, but

withdrew its appearance and ultimately furnished a defense to defendant Jefferson, an uninsured motorist, in the suit brought by Herrera. Herrera obtained a judgment against Jefferson and then brought a declaratory judgment action against his insurer to collect on the judgment based on Herrera's uninsured motorist coverage. Although a judgment had been entered, the insurer nevertheless asked the court to apportion the damages for the reason that the judgment included items of damage not covered by the uninsured motorist clause. On appeal, we stated in *Herrera, supra* at 483, 279 N.W.2d at 144:

> Although evidence of property damage was presented to the jury, the verdict did not delineate what amount, if any, was for the plaintiff's property damage and what amount was for his personal injuries. The jury may or may not have included an amount in its verdict for the plaintiff's property damage. Many types of damages were claimed by plaintiff, and we have no way of knowing what elements were considered, or the basis on which the jury determined the amount of damages finally awarded. Their reasons inhere in their verdict, and may not be inquired into. Defendant is asking this court to grant it the opportunity to relitigate and recompute the amount of its insured's bodily injuries by showing that property damage may have been included in the jury's verdict in the original suit against the uninsured motorist. That result could have been reached by means of a request for a special or itemized verdict; and if deemed material as a defense should have been done in the original trial, and not by extended litigation.

While it is uncontroverted that Tri-County filed a "Motion For Special Verdict Forms" with the clerk of the court, Hiway 20 contends it was not adequate because it was not brought before the court for hearing and determination. Maryland and Cornhusker allege that the motion was filed and later overruled, either by general order or by implication, in the instruction conference at the underlying trial. Abild did not file a motion for a special verdict.

The motion for special verdict forms was filed by Tri-County on March 2, 1987, at 2 p.m. A conference was held, with the

jury not present, by the court with counsel for all parties present beginning at 1:16 p.m. on March 2. The record indicates that, at that time, a jury had already been selected, impaneled, and sworn. The conference apparently concerned the appropriateness of evidence and instructions on the damages issue as to whether contractual damages included certain consequential damages to which Hiway 20 claimed it was entitled, in any event, under negligence theories. At this conference, counsel representing Tri-County stated:

> Well, again, that could be dealt with in the instructions and with the verdict forms. We have filed proposed verdict forms that separate out the damages, at least for our side, and I imagine that Abild might want to do the same thing. There would be a special verdict form wherein the jury would decide what the specific amounts to be associated with the various elements of damages would be that the plaintiff is alleging.

The court responded, "Well, that is a possibility." Hiway 20's counsel then argued that the decision as to that question was not appropriate at that particular time and directed the court's attention to *Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 345 N.W.2d 300 (1984). The court concluded the conference by stating, "Okay. I will read that."

With that determination of fact and conclusion of law, we agree. We have stated that garnishment is a legal proceeding and that the factual findings of a garnishment hearing judge have the effect of findings by a jury and, on appeal, will not be set aside unless clearly wrong. *Otoe Cty. Nat. Bank v. Froelich*, 234 Neb. 1, 448 N.W.2d 917 (1989). The trial court in these garnishment proceedings found that there was "no evidence whatsoever that this Motion [for special verdict forms] or any other request for a special verdict was brought to the attention of the [trial] court," and determined that "[h]aving failed to raise any objections properly at the time of trial, the defendants cannot now be permitted to raise them in this [garnishment] proceeding."

Tri-County's motion for the special verdict forms was never specifically noticed for hearing before the trial court. The Rules of the District Court of the Fifteenth Judicial District of

Nebraska (December 1983), the judicial district in which the underlying trial was held, provide, in part:

(2) Hearing Day. All motions shall be heard on the motion day following the expiration of ten days after filing. Motion days shall be each regular session date of the applicable docket as reflected by the term order of the Court and term cards issued by the Court. With the consent of the Court, motions may be specially noticed for hearing on other days.

It is clear that the motion was never set for special hearing and was never specifically addressed by the trial court. In the instruction conference held after the evidence had been adduced, the trial court's attention was not directed to Tri-County's motion, nor did counsel for Abild and Tri-County object to the verdict forms which were submitted to the jury in connection with instruction No. 22.

Generally a motion which is never called to the attention of the court is presumed to have been waived or abandoned by the moving party, and, where no ruling appears to have been made on a motion, the presumption is, unless it otherwise appears, that the motion was waived or abandoned.

60 C.J.S. *Motions & Orders* § 42 at 63 (1969). The party filing a motion has the responsibility to bring the motion to the trial court's attention for resolution. *Gordon v. Bauer*, 177 Ill. App. 3d 1073, 532 N.E.2d 855 (1988). Since the trial court was never given an opportunity to nor requested to rule on that motion, appellants in this case may not successfully base an appeal on the judge's failure to act. In any event, we find the garnishment hearing judge properly found that no request was made for hearing on the motion.

Counsel for Abild and Tri-County never objected to the verdict forms which were submitted to the jury in connection with instruction No. 22. "Objections to the forms of verdict should be made before or at the time the verdict is returned." *Melcher v. Boesch Motor Co.*, 188 Neb. 522, 532, 198 N.W.2d 57, 64 (1972).

It is good practice for the judge to prepare forms of verdict which will meet all requirements of the case, and,

in an abundance of caution, submit the same to the counsel in the case, and, if they do not agree on the forms, counsel should make his objection at that time, before the instructions are read to the jury. If no objection is made by counsel at that time, it is usually considered that objections are waived.

*McGrew Machine Co. v. One Spring Alarm Clock Co.*, 124 Neb. 93, 99, 245 N.W. 263, 265 (1932). Verdict forms to be submitted to the jury should be treated in the same manner as jury instructions to be submitted. With respect to instructions, we stated in *Haumont v. Alexander*, 190 Neb. 637, 641, 211 N.W.2d 119, 122 (1973):

> The submission of proposed instructions by counsel does not relieve the parties in an instruction conference from calling the court's attention by objection to any omission or misstatement in the instructions given by the court. In most instances the trial court covers the substance of proper submitted instructions in those given by it. The purpose of the instruction conference is to give the trial court an opportunity to correct any errors being made by it. Consequently, the parties should object to any errors of commission or omission.

Similarly, at an instruction conference parties should object to any errors of commission or omission in the verdict forms to be submitted to the jury. The assignments of error challenging the court's failure to submit special verdict forms are without merit.

Maryland and Cornhusker nevertheless contend that the jury verdict can be dissected and the damages for which they are liable determined. They contend that the consequential damages can be determined by subtracting the amounts requested for diminution in value and temporary repairs from the total judgment. However, what the appellants are asking us to do is to speculate or to assume that the jury awarded the full amounts requested for diminution in value and temporary repairs. "We, of course, do not know what motivated the jury to bring back a verdict in the amount they did, as their discussions and reasons inhere in the verdict itself and may not be inquired into." *Palma v. Barta*, 203 Neb. 459, 470, 279

N.W.2d 130, 137 (1979). See, also, Neb. Rev. Stat. § 27-606(2) (Reissue 1989).

In the light of the basis for our decision, there is no need for this court, at this time, to enter into the thicket surrounding the problems facing defense counsel when the duties of such counsel become blurred between the obligation of counsel to the insurance company involved and the obligation of counsel to the insurance company's insured.

The elements the jury considered in determining damages inhere in the verdict. Under the record in this case, Maryland and Cornhusker are liable for the entire judgment entered against their respective insureds. The judgments are affirmed.

AFFIRMED.